**PITTS et al. v. HOWARD et al.** (2 Div. 787.)

(Supreme Court of Alabama. Nov. 2, 1922.)

**1. Conversion ⟲15(2), 19(2)—Direction to sell after life estate effected equitable conversion.**

An absolute direction to sell real estate after the death of testator's wife, the life tenant, for the purpose of distribution among remaindermen, operated at the death of the testator to effect an equitable conversion of such remainder into personalty, to be so regarded as of the time of testator's death.

**2. Conversion ⟲21(2)—Wills ⟲694—Remaindermen held to share equally in converted property, in absence of exercise of power of appointment by life tenant.**

Where testator left land to wife for life, committing to her power to apportion one-third of the property to her nieces and nephews and two-thirds to his nieces and nephews, the failure of the will to. fix the proportion did not operate to qualify or to annul the bequests of the property to the remaindermen, there being a direction to sell the remainder in the real estate after the death of the widow, which operated as an equitable conversion of the remainder as of the time of testator's death, under Code 1907, § 3432, and the interests of such nieces and nephews as died after testator's decease were distributable to their next of kin.

**3. Wills ⟲614(4)—Title of widow in personal assets held absolute; "also."**

Under a will giving wife life estate in land, with remainder to nieces and nephews and "also all of my personal property of every kind after my debts are paid," *held* that the widow took absolute title to the personal assets (citing Words and Phrases, Second Series, Also).

**4. Wills ⟲449—Presumption against intestacy.**

The presumption is against intestacy as to the whole or any part of the testator's estate, and the will will be so construed, unless the language is fairly inconsistent with such a construction.

**5. Executors and administrators ⟲513(10)—Decree passing account on settlement of administration not conclusive adjudication of status of widow's interest in personalty.**

Decree of probate court, passing widow's final account on the settlement of her administration (with will annexed) of testator's estate, did not conclusively adjudicate the status of such widow's interest in the personalty to be that of life tenant, since the construction of the testator's will in that particular was, at best, collateral, incidental only, to the matter at issue on the accounting; it not being essential to determine whether the personal assets, the money on hand, was bequeathed to the widow for life or absolutely.

**6. Judgment ⟲728—Conclusive upon collateral matter not binding upon parties.**

The conclusion of the court upon a matter but collateral, incidental to the issue to be adjudicated, is not binding upon parties or privies.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Bill by Arthur M. Pitts, administrator, and Annie L. Barnes, against Harriet Van Hook Howard and others. From the decree complainants appeal. Reversed and remanded.

The bill is filed by appellants against the next of kin and heirs at law of Robert I. Van Hook, who died in 1902, and also of his widow, Martha E. Van Hook, who died in 1921, and the administrator of the estate of Mrs. Van Hook. The bill seeks the construction of the duly probated will of Robert I. Van Hook, deceased. It reads:

"Selma, Alabama, April 4, 1888.

"In the name of God, Amen.

"I, Robert Isaac Van Hook, of the county of Dallas, state of Alabama, being of sound mind and clear understanding of what I am doing, do make this my last will and testament for the disposing of my real and personal property.

"In case I should die before my dear wife,. Martha Elizabeth Van Hook, I give and bequeath to my dear wife, Martha Elizabeth Van Hook, all my real estate of which she will have the deeds on record at the probate office in the county of Dallas, state of Alabama, lot No. 1 and No. 2 fronting south on North street near the Summerfield road, with all thereon. Lot on Gray street known as lot No. 7 in my deed. Also lots Nos. 14 and 17 on the Summerfield road this side of the New Orleans Railroad where it crosses to the above named road. All the above real estate to be her own during her natural life. Also all my personal property of every kind after my debts are paid, should there be any. After her death, to go to my blood nieces and nephews equally divided as I shall state, two-thirds (⅔) of the real estate to go to my blood nieces and nephews, and one-third (⅓) to go to her blood nieces and nephews as my dear wife, Martha E. Van Hook may see proper to divide it between them; what I mean is that, after my wife's death, the property is to be sold and the money divided in proportions as I have stated already, on either side, according to the amount the property may bring for cash. Witness * * * A. J. Skinner. [Seal.] W. G. Jeans. [Seal.] George D. Vaughan. [Seal.]"

No children of the marriage or their descendants appear to have survived the testator, if indeed any children were born to them.

In the decree of the probate court passing the account of Mrs. Van Hook these provisions, among others, occur:

"And it appearing to the satisfaction of the court that the said R. I. Van Hook in his last will and testament gave to the said Martha E. Van Hook for and during her natural life all his real and personal property of every nature, kind and description, it is therefore ordered, adjudged, and decreed by the court that the said Martha E. Van Hook have and hold, under the terms and condition of the said last will and testament of the said R. I. Van Hook, deceased, the said sum of money left in her hands

belonging to the estate of said R. I. Van Hook, deceased, namely, the said sum of $2,746.95."

The assignments of error thus state the appellants' criticisms of the final decree in the cause:

"(1) The court erred in holding that the nieces and nephews of the testator, living at the time of the death of the testator, took, share and share alike, a vested remainder in the undivided two-thirds of all the real estate of Robert I. Van Hook, and that the nieces and nephews of the testator's widow living at the time of the testator's death took, share and share alike, a vested remainder in the undivided one-third of his realty, subject to the life estate of his widow, and her limited power of division.

"(2) The court erred in holding that the failure of Martha E. Van Hook to exercise the power given her under the will to divide the proceeds from the property among the nieces and nephews of Martha E. Van Hook did not have the effect of lapsing the legacy to such remaindermen, and that the said remaindermen, or their respective stirpital representatives, took share and share alike in said real estate, as provided for in paragraphs 3 and 4 of the decree of the probate court.

"(3) The court erred in holding that the personal property belonging to the estate of Robert I. Van Hook went absolutely to his widow.

"(4) The court erred in holding that the heirs of Martha E. Van Hook were not estopped to deny that Martha E. Van Hook only received a life estate in the personal property by the decree of the probate court rendered in the final settlement of the estate of Robert I. Van Hook, deceased.

"(5) The court erred in refusing to hold that the nieces and nephews of Robert I. Van Hook were not entitled to participate in the personal property which was left by Robert I. Van Hook."

Arthur M. Pitts, of Selma, for appellant Pitts.

The bequest was contingent, and only the nieces and nephews of Robert I. Van Hook living at the time of the death of Martha E. Van Hook, would be entitled to receive a share of the proceeds of the property sold. 32 Ala. 709; 109 Ala. 175, 19 South. 435; 40 Cyc. 1477. The property was given to a class, and the fact that Martha E. Van Hook failed to make division among her nieces and nephews did not cause a lapse of the legacy, and only caused the members of that class to take share and share alike. 111 Ala. 237, 20 South. 407, 36 L. R. A. 385; authorities, supra. Under the will Martha E. Van Hook took the personal property absolutely. 2 Stew. 170; 43 Ala. 666; 1 Stew. 536. In the construction of a will the specific intention must yield to the general intention, where there is an apparent repugnance between the two. 65 Ala. 32. But, Martha E. Van Hook having accepted the personal property for life under the decree of the probate court and no appeal being taken from such decree, she and her heirs are estopped to deny that she received only a life estate. 29 Ala. 92; 45 Ala. 619.

Foster, Verner & Rice, of Tuscaloosa, for appellant Barnes.

The will gave to the wife of testator a life estate only, and to his nieces and nephews a vested remainder in the personalty. When a will is open to two interpretations, one of which will carry the property to testator's own kin, the other to strangers to his blood, courts lean to the construction which will take the property in the line of descent. 12 R. C. L. 623; 34 Colo. 125, 81 Pac. 755, 114 Am. St. Rep. 147; 3 Misc. Rep. 465, 23 N. Y. Supp. 734; 17 N. C. 5; 3 N. C. 161.

Harwood, McKinley, McQueen & Aldridge, of Eutaw, and M. E. Frohlich, of Selma, for appellees.

The devise of a life estate to Martha E. Van Hook, and at her death one-third to her nieces and nephews as she may see fit to divide it between them, gave a vested remainder to her nieces and nephews, and carried a limited power of appointment as to this one-third. 109 Ala. 528, 20 South. 370; 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; 182 Ala. 528, 62 South. 673; 9 Humph. (Tenn.) 470, 49 Am. Dec. 714; 23 R. C. L. 513; 32 Ala. 709; Code 1907, §§ 3432, 3433. The will speaks from the death of the testator, and is not affected by section 3401 of the Code. 182 Ala. 528, 62 South. 673. As the power of apportionment was not exercised, all the nieces and nephews of Martha E. Van Hook took equal shares in the one-third interest. 9 Humph. (Tenn.) 470, 49 Am. Dec. 714. The lands, on the death of Mrs. Van Hook, went to her nieces and nephews in esse at the death of the testator. 28 R. C. L. 263; 182 Ala. 528, 62 South. 673. The recital in the decree of the probate court, "And it appearing to the satisfaction of the court that the said Robert I. Van Hook in his last will and testament gave to the said Martha E. Van Hook for and during her natural life all his real and personal property of every nature, kind and description," is not a judgment or decree declaring that she owned only a life estate in the personalty. Such declaration was merely an incidental or collateral finding, and not binding on any one. 68 Ala. 141; 172 Ala. 68, 55 South. 303; 66 Ala. 129; 201 Ala. 256, 77 South. 846; 15 R. C. L. 980; 84 Ala. 508, 4 South. 426, 5 Am. St. Rep. 387; 26 Ala. 504. The nieces and nephews of Martha E. Van Hook sustained no loss by her failure to assert absolute title. 31 Ala. 136; 21 Ala. 534.

McCLELLAN, J. Having the advantage of an inspection of the will itself, the court below made these observations with respect to its structure:

"And it appearing to the satisfaction of the court from the evidence in this cause that the will of Robert Isaac Van Hook was written by testator himself without legal aid or advice; that the same is written in the handwriting of testator; that there is little and insufficient punctuation therein; that there are therein numerous erasures, corrections, at least two interlineations, and one omission of the final syllable of a word; that at least one piece of testator's real estate was omitted by him from the schedule of same in his will; that the whole is labored and anything but clear and concise. * * *"

The construction of the instrument is undertaken in the light of the crude methods employed to express the testator's intent.

[1, 2] The testator's design was to dispose of his entire estate, real and personal. After devising to his wife—should she survive him, as was the event—a life estate in all his real property, he directed, without condition or qualification, the sale for *cash*, after the death of his wife, of all his real estate, to the end that the *proceeds* of such sales should be distributed to two classes, viz. nephews and nieces of his blood and nephews and nieces of her blood. The direction to sell the *remainder* in the real estate, after the death of his wife, was absolute and without contingency, operating, at the death of the testator, to effect the equitable conversion of such *remainder* into personalty, into money, to be so regarded as of that time (testator's death), investing these respective classes with the stipulated proportionate interests in the aggregate proceeds of the sales of the real estate (Allen v. Watts, 98 Ala. 384, 394, 11 South. 646), subject to be apportioned to individuals by the exercise by Mrs. Van Hook in her lifetime of the limited power of apportionment committed to her. This limited power of apportionment, viz. to fix the proportions, not to determine the bequest itself, among individuals within the description of the class or classes, was not exercised by Mrs. Van Hook; but this omission of the repository of the power did not operate to qualify or to annul the bequest of this converted realty into personalty, the failure to exert the power leaving the distribution to be made in equal individual proportions among those within the classes described, viz. the nephews and nieces of the testator living at his death being entitled to equal individual shares in two-thirds of the proceeds of the sales and the nephews and nieces of Mrs. Van Hook living at the death of testator being entitled to equal individual shares in one-third of such proceeds. Code, § 3432; Connell v. Cole, 89 Ala. 381, 384, 8 South. 72. The respective interests in the personalty, the money, having become vested as of the date of testator's death (Allen v. Watts, supra), the interest of such nephews and nieces (of either class) as died after testator's decease were distributable, in the absence of testamentary disposal, to their next of kin.

It results from these considerations, especially the authoritative expression of principles set forth in Allen v. Watts, supra, that the testator did not devise any estate in his real estate to the two classes of nephews and nieces described in the will; and hence the decree (paragraphs 3 and 4, particularly) is affected with error in the aspects it affirmed the investment of these classes with a *remainder* in the real estate which was directed to be sold after the death of the life tenant. The equitable conversion wrought by the will characterized the substance of testator's bounty to the classes described as money, not real estate.

[3, 4] In the decree the court declared the title of the widow to be absolute in the personal assets of testator's estate, other, of course, than the real estate in which she was devised a life estate. It is insisted that a life interest in such personal assets was the testator's purpose, as it was, manifestly, with respect to the real estate. While the testator's method and form of expression is far from lucid, it is quite evident, we think, that he did not intend to subject the personal assets to the rule of limited right and enjoyment he imposed upon the devise to his widow of a life estate in the real estate. The argument to the contrary is based, chiefly, upon the use of the word "also" in the incomplete phrase "Also all my personal property of every kind after my debts are paid, should there be any." Having just preceding this provision expressly limited the devise to a life estate to his widow in the real estate, it is certainly not clear that the testator intended by the use of "also" to likewise limit the widow's interest in the personalty. "Also" does, upon occasion, mean "in like or in the same manner." 1 Words and Phrases, Second Series, p. 196; Platt v. Brannan, 34 Colo. 125, 81 Pac. 755, 114 Am. St. Rep. 147. Upon occasion it may signify "in addition to," or "besides." Incomplete, grammatically, as is the expression in the phrase quoted, it is evident that the testator realized he was treating different characters of property, one real estate and the other personalty. In respect of the former he avowed his purpose to restrict the interest to a life estate in the widow, and in respect to the personalty he omitted that express avowal. While directing the sale of the real estate after the death of the life tenant, he, on the other hand, provided no disposition for personal assets after the death of his widow. As written, the will contemplated a full disposal of the real estate, but for the disposition of the personal property he made no provision beyond the bequest to his widow. There is no provision for a disposition of a residuum of the estate. So, if the instrument should be construed as bequeathing a life estate, only, to the widow in the personal property, intestacy as to the remainder therein would result. The presumption is against intestacy as to the whole

or any part of the testator's estate, and the instrument will be so construed, unless the language of the will is fairly inconsistent with such a construction. 40 Cyc. p. 1409.

[5, 6] The decree of the probate court, passing Mrs. Van Hook's final account on the settlement of her administration, with will annexed, of Hook's estate, did not conclusively adjudicate the status of Mrs. Van Hook's interest in the personalty to be that of a life tenant. The construction of the testator's will in that particular was at best collateral, incidental only to the matter *at issue* on that accounting in the probate court. It was incumbent upon that court, or at least the court so undertook, to dispose of the personal assets (money) in accordance with the directions of the testator's will. To serve that purpose and to effect that end it was not essential to determine whether the personal assets, the money on hand, was bequeathed to the widow for life or absolutely. The court by a recital expressed the *opinion* that in the balance on hand the widow was vested with a life interest only; but the adjudication, made by the decree, did not proceed to the judicial affirmation of fact, construing the will, that such was the effect of the will. Even if the decree proper, as distinguished from the recital indicated, had affirmed in accordance with the *opinion* expressed, that matter was but collateral, incidental to the substance of the issue presented and actually decreed by the probate court. The conclusion upon a matter but collateral, incidental to the issue to be adjudicated, is not binding upon parties or privies.

"The conclusiveness of a judgment extends only to the question directly in issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon." Ford v. Ford, 68 Ala. 141, 143, 144.

Hence no estoppel was erected by that decree, binding the widow, her next of kin, or heirs at law, concluding to the effect that in the money on hand the widow took only a life interest under the will.

Apart from these considerations, the evidence does not show that the funds found after Mrs. Van Hook's death or then on deposit in bank to her credit were, in whole or in part, funds that came to her from the estate of Robert I. Van Hook, deceased. Perhaps that was its source, but the evidence does not so disclose. From rents of the real estate she may have gained the funds found after her death. Under the evidence the moneys on deposit in bank and the moneys found about the premises after her death were funds of Mrs. Van Hook's estate, subject to distribution to her next of kin and heirs at law. Sewell v. Sewell, 199 Ala. 242, 74 South. 343.

For the erroneous pronouncements made in paragraphs 3 and 4 of the decree under re-

view, it is reversed. The cause is remanded for the rendition of a decree in accordance with this opinion. The costs of the appeal will be taxed one-half against the funds of the estate of Robert I. Van Hook, deceased, and one-half against the funds of the estate of Mrs. Van Hook, deceased.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.