(105 So. 641)

### JORDAN et al. v. RINGSTAFF et al.
(3 Div. 717.)

(Supreme Court of Alabama. Oct. 15, 1925.)

**1. Equity ⊜349 — Order directing taking of oral testimony in equity suit proper under Code.**

Under Code 1923, § 6574, providing that judge in equity suits may cause any or all witnesses to be examined before him, an order directing taking of testimony orally was proper, since such statute is not limited to special witnesses or matters, but applies generally.

**2. Wills ⊜449—Existence of will raises presumption against partial intestacy.**

Existence of a will raises presumption against partial intestacy, which is strengthened where will names all next of kin and provides for each of them.

**3. Wills ⊜449—Every intendment in favor of carrying out express purpose of will to pass all property, rather than create partial intestacy.**

Where will expressly declares purpose to pass all of testator's property, names all beneficiaries, and makes provision for each, all reasonable intendments will be indulged in in favor of carrying out express purpose to convey all property rather than create partial intestacy.

**4. Wills ⊜578(3)—Will disposing of specific property in special bequests with no residuary clause not construed as passing after-acquired property.**

Where will disposes of specific property only, makes special bequests definitely limited, and contains no residuary clause so that it could not reasonably include any property other than that owned by testator at time, after-acquired property passes under law of descent and distribution, despite presumption against partial intestacy where there is a will.

**5. Wills ⊜587(1)—Clause giving "balance" of property to daughter construed as a residuary clause.**

In a will making various bequests, a clause giving balance that may be left to daughter is a residuary clause, word "balance" being used as residue, showing intention of passing all property owned at testator's death, and added phrase "in cash, notes, and mortgages," is descriptive only, not restricting residue to money invested in named securities.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Balance.]

**6. Wills ⊜470—Will containing many inaccuracies looked at as consistent whole, rather than give a technical meaning to one phrase defeating general intent.**

Where a will contains many inaccuracies due to testator's lack of legal skill, it will be looked at as consistent whole, rather than give technical meaning to one phrase which would defeat general intent.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill in equity by Susan Ivy Jordan and another against John P. Ruff and others. From the decree, complainants appeal. Affirmed.

The bill is for the removal of the administration of an estate from the probate court to the circuit court in equity; for the settlement and distribution of the estate; and, in aid thereof, the construction of the will of decedent.

The testator, J. W. Ringstaff, died January 3, 1924. He left a will of date May 15, 1912, which was admitted to probate and reads as follows:

"Know all men by these presents, that I, J. W. Ringstaff of Montgomery Co, and State of Ala, being in good health and sound mind, do make this my last will and testament, as to my worldly estate and all the real personal or mixed property of which I shall die seized and possessed, or which I shall be entitled at the time of my decease, I desire bequeath and dispose thereof in following First: I give desire and bequeath to my daughter Annie Pearl, my residence at Strata Ala, and all land in Montgomery Co, joining said residence. Second: All personal, perishable property and house hold goods, are to be equally divided between my wife Mary Frances, and my daughter Annie Pearl, Third: All my real estate in Crenshaw Co, I give desire and bequeath to be equally

divided between my daughters Ila C. W. and Susan Ivy Jordan. Fourth: I give desire and bequeath to my wife Mary Frances five thousand dollars in cash. The bal that may be left on hand in cash notes or mortgages shall be turned over to my daughter Annie Pearl. Sixth: I do nominate and appoint John P. Ruff and Mark H. Bradley of LaPine Ala. to be the Executors, 'Without bond,' of this my last will and testament."

The testator left surviving his wife and three daughters, all named as beneficiaries in the will.

Of these daughters, Susan Ivy, after leaving college, married Dr. Jordan several years before the will was executed. Ila C. W. was taken in infancy and reared by her grandmother, and succeeded to the grandmother's estate. Annie Pearl remained at home with her father and stepmother until the father's death.

When the will was executed, the testator owned the several classes of property specified therein. Thereafter there was no change in his real estate holdings. The tangible personal property, consisting of live stock, farm implements, etc., changed little in value or kind after the making of the will.

At the date of the will testator had money, notes, and mortgages aggregating $10,000 to $12,000. Soon thereafter he lost a portion, not definitely given, by the bankruptcy of Marks & Gayle, with whom some $10,000 was deposited. Later accumulations recouped this loss, and at the time of his death his moneyed wealth was a few thousand dollars greater than when the will was made.

During the World War drives the testator bought $3,000 of Liberty bonds, and shortly before his death he purchased $4,000 of preferred stock in Alabama Power Company. These items were on hand at the time of his death, and are the subject of the present lawsuit.

Appellants allege these stocks and bonds did not pass by the will; that as to them decedent died intestate. The trial court held they passed under the "fourth" item of the will. Other facts sufficiently appear in the opinion.

Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

It was not the intention of the Legislature to provide for the original taking of testimony orally before the court. Code 1923, § 6574. All property not disposed of by the will must be administered by the personal representative as if there had been no will. Wolffe v. Loeb, 98 Ala. 426, 13 So. 744; Johnson v. Holifield, 82 Ala. 123, 2 So. 753. The legacy to Mary Frances was demonstrative; that to Annie Pearl specific. Under the fourth item the former was entitled to $5,000 out of the cash, notes, and mortgages, and the latter was entitled to the residue left on hand in cash, notes, and mortgages. Myers' Estate, 33 Ala. 85; Gilmer's Legatees v. Gilmer's Ex'rs, 42 Ala. 9; Kelly v. Richardson, 100 Ala. 584, 13 So. 785; England v. Prince George's Parish, 53 Md. 466; Howe v. Bemis, 2 Gray, 205. The legal effect of the investment by the testator of a part of his estate, whether in cash or proceeds of notes and mortgages, in government bonds and corporate stock, was an ademption of the specific legacy to Annie Pearl of his cash on hand, notes, and mortgages, and to that extent a partial revocation of his will. Code 1923, §§ 10588–10560; Myers' Estate, supra; Johnson v. Holifield, supra; Bromberg v. McArdle, 172 Ala. 270, 55 So. 805, Ann. Cas. 1913D, 855; Hood v. Haden, 82 Va. 588; Tomlinson v. Bury, 145 Mass. 346, 14 N. E. 137, 1 Am. St. Rep. 464; Stout v. Hart, 7 N. J. Law, 414; Humphrey v. Robinson, 52 Hun, 200, 5 N. Y. S. 164; McDonald v. Irvine, L. R. 8 Ch. Div. 101; Gardner v. McNeal, 117 Md. 27, 82 A. 988, 40 L. R. A. (N. S.) 553, Ann. Cas. 1914A, 119. A special intent must yield to the general intent, where there is an apparent repugnancy between the two; provisions not expressed shall not be supplied, except where an intention to that effect clearly appears. Hollingsworth v. Hollingsworth, 65 Ala. 321; Park v. Powledge, 198 Ala. 180, 73 So. 483; Ralls v. Johnson, 200 Ala. 180, 75 So. 926; Gurley v. Bushnell, 200 Ala. 409, 76 So. 324; Gunter v. Townsend, 202 Ala. 164, 79 So. 644.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellees.

Section 6574 of the Code of 1923 expressly grants the power of oral examination of witnesses at any time to the trial judge. The will shows an intent to dispose of everything possessed by the testator. Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Steele v. Crute, 208 Ala. 2, 93 So. 694. Partial intestacy will be avoided if possible. Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Pitts v. Howard, 208 Ala. 380, 94 So. 495. The bonds and stock purchased by the testator fall within the category of cash, notes, or mortgages. Hollingsworth v. Hollingsworth, 65 Ala. 328; Fulkeron v. Chitty, 57 N. C. 244; 1 Underhill on Wills, 419; Hinckley v. Primm, 41 Ill. App. 579; 2 Jarman on Wills, 353; In re Blackstone's Est., 47 Misc. Rep. 538, 95 N. Y. S. 977; In re Egan (1899) 1 Ch. 688; In re Miller, 48 Cal. 165, 22 Am. Rep. 422; Estate of Jacobs, 140 Pa. 268, 21 A. 318, 11 L. R. A. 767, 23 Am. St. Rep. 230.

BOULDIN, J. [1] *"Oral Examination in Open Court in Equity Suits.*—In all cases in equity the judge before whom the case is pending may at any time before final decree cause any or all of the witnesses to be examined orally before him in open court." Code 1923, § 6574.

This statute is clear and inclusive. It does not admit of the construction that testimony

should be first taken by deposition and witnesses thereafter called before the court only for purposes of fuller examination, nor that oral testimony is limited to any special issue or class of witnesses.

The suggestion that a hearing upon oral testimony of witnesses given in the presence of the trial judge deprives the losing party of a right of review, unburdened with a presumption in favor of the findings of fact, affords no good reason for restricting the terms of the statute. To the contrary, the statute aims at affording the best means of getting at the truth of the case in the first instance, and does not look to a review of findings wherein neither court has the advantage of seeing and hearing the witnesses, noting their intelligence and their manner, their bias or want of bias. There was no error in the order directing the taking of testimony orally before the court.

[2] Where there is a will there is in general a presumption against partial intestacy. When the will names all the next of kin, the natural objects of the testator's bounty, and makes provision for each of them, the presumption that he has made a full division of his property between them according to his purpose is stronger. Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Pitts v. Howard, 208 Ala. 380, 94 So. 495. This, as other like presumptions, rests upon common experience and observation, as applied to wills.

[3, 4] The purpose in view is the selection of those to whom the testator wishes his estate to pass, fix their several interests, and avoid intestacy. In the will before us there is a declared purpose to pass "all the real, personal and mixed property of which I shall die seized and possessed, or which I shall be entitled at the time of my decease." We are not left to presumption, but must deal with this declared purpose as a part of the will itself. However, in spite of the presumption, and in the face of a declared purpose, cases may and do arise wherein there is a partial intestacy.

If the will disposes of specific, definitely described property only, makes special bequests definitely limited in amount, contains no residuary clause, so that, by no reasonable construction of the instrument can it be held to include other property then owned by the testator or thereafter acquired, such property must pass under the law of descents and distributions.

But a will wherein the testator expressly declares a purpose to pass all his property as of the date of his death, yet so written as to abandon this expressed purpose in the same instrument, is unusual and anomalous. The will is thus rendered inconsistent and contradictory in its several provisions. When a testator sits down to write his will with his own hand, having in mind the beneficiaries he wants to take and the estate he proposes to give them, all reasonable intendments will be indulged in favor of a construction of his will carrying out his expressed purposes.

[5] In the "first" item the testator deals with his home place at Strata; makes a specific devise thereof to his daughter Annie Pearl. In the "second" item he turns to his tangible personal property, closely associated with this purpose, the household goods, farm implements, live stock, etc. These he bequeaths to his wife, Mary Frances, and his daughter Annie Pearl under the description, "all personal, perishable property and household goods." In the "third" item he makes a specific devise of his other real estate, located in Crenshaw county, to his other two daughters. In the "fourth" item he first gives his wife, Mary Frances, $5,000 in cash. No special fund or property is expressly charged with its payment. It was payable out of the estate not otherwise disposed of. This estate consisted of money accumulations, represented at the time by cash notes and mortgages. Then follows: "The bal that may be left on hand in cash notes and mortgages shall be turned over to my daughter Annie Pearl." "Balance" as here used is clearly the residue. The clause is residuary in character. Taking the whole scheme of the will in the light of the declared purpose to pass all the property owned at his death, we think the "balance on hand" includes the residue of his moneyed estate. The added phrase "in cash notes and mortgages" is descriptive, rather than restrictive. Thinking in terms of the present form of his moneyed interests, and not then contemplating any change in the form of his securities, he meant to include the balance or residue of his money, whether in cash or invested in income-bearing securities, and not merely so much as should at his death be in cash or in notes and mortgages as distinguished from other forms of income-bearing securities.

[6] The inaptness of the description "cash notes and mortgages" can be accounted for by want of skill in the use of legal terms and lack of facility in accurate expression disclosed by other portions of the will. Thus he designates all forms of tangible personalty as "perishable property"; uses the word "desire" throughout the will for the word "devise." It appears "The bal on hand," etc., was intended as a separate and "fifth" item of the will, inasmuch as the preceding and succeeding clauses are numbered "fourth" and "sixth." Inaccuracies and omissions as here found are considered in passing upon other expressions, and make it the more important to look to the will as a consistent whole, rather than to give a technical meaning to one phrase which would defeat the general intent. Thus reviewed, we consider the final bequest as a residuary legacy passing the Liberty bonds and corporate stock to Annie Pearl

Ringstaff, and approve the decree of the lower court so finding.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.