(117 So. 670)

**WALLS et al. v. WALLS et al.   (7 Div. 775.)**

Supreme Court of Alabama.   June 30, 1928.

148

Dortch, Allen & Dortch, of Gadsden, for appellees.

O. D. Street & Son, of Birmingham, for appellants.

SOMERVILLE, J. The only question presented for review by this appeal is the validity vel non of the specific construction of the testator's will, as contended for by the appellants, who were complainants below. When the bill of complaint seeks to establish a specific construction upon which its equity and the asserted rights of the complainant depends, the validity of such a construction may be tested, as here, by demurrer to the bill. City Bank & Trust Co. v. McCaa, 213 Ala. 579, 105 So. 669.

Complainants' theory of the will is that, apart from the small specific legacies given to these complainants in paragraphs 2 and 3, the only testamentary disposition of personal property is found in paragraph 7, and that this paragraph, inasmuch as it directs a *sale* of testator's personal property, though of all of it, cannot reasonably be intended to apply to cash money or to notes and accounts payable.

In construing wills resulting partial in-

testacy is always avoided by the courts unless a contrary intention on the part of the testator clearly appears (Achelis v. Musgrove, 212 Ala. 47, 101 So. 670); or, as otherwise expressed, "there is in general a presumption against partial intestacy" (Jordan v. Ringstaff, 213 Ala. 512, 105 So. 641; Pitts v. Howard, 208 Ala. 380, 94 So. 495).

So, also, when the testator specifies and gives to one or more persons a money gift of small or nominal amount, it is regarded as clear evidence of his intention to exclude such person or persons from any other participation in his estate. Achelis v. Musgrove, supra; Jordan v. Ringstaff, supra.

As is plainly apparent upon the face of this will, the testator was not a man of education, and was not skillful in the expression of his ideas. Perhaps at the time he made the will—nearly two years before his death—his personal estate consisted mostly of property other than money and debts due to him, which would have to be sold in order to pay legacies and debts and permit a division of the residue. His thoughts, lacking in circumspection, contemplated primarily the *disposition* of his personal property, and not its form, whether in cash or choses in action, or chattels. Had he thought circumspectly he would of course have understood that a direction to his executor to sell cash, or notes or accounts, was inapt or unwise; and, in disposing of the residue of his personal property, he would have said, "Then the residue of my *personal property*, if any, shall be divided equally" between the two sons named. Interpreted narrowly and literally, "the residue," as written in the will, would be restricted to the proceeds of the executor's sale; but that, we are certain, was not its meaning, for that would contradict the manifest spirit and purpose of the will as a whole. We think he meant the residue of personal property—all of it—after the payment of debts and legacies.

But, conceding the inaptness of the clause as applicable to money, and its unwisdom as applicable to choses in action, and interpreting it *literally*, there is no escape from the conclusion that the testator meant to dispose of *all of his personal property* whatever its form; for he said, "I further direct that my executor sell all my personal property that I may die seized or possessed, or to which I shall be entitled at my decease"; and it was the residue of *this whole* that he disposed of as stated. This language, apart from other opposing considerations, does not permit any rational inference that he was mentally dividing his personal property into two classes, money and choses in action on the one hand, and general chattels on the other which he intended to dispose of differently, the one passively by the laws of descent and distribution, and the other actively by testa-

mentary provision. Money is personal property, of course, and so are choses in action, and they were all as plainly and as necessarily included in the testator's phrase, "personal property," as if they had been mentioned by name. Whether it is the executor's duty to *sell* them, as inaptly directed, is a matter to be determined by the executor himself under the supervision of the court. There will be no practical difficulty about that. The sale was designated *solely* for the purpose of enabling the executor to pay legacies and debts and then to make distribution between the two residuary legatees; and it can be of no possible concern to debtors or legatees, if their claims are satisfied by the executor, whether the personal property, or any of it, is sold or not.

An excellent example of common-sense construction to effectuate the general testamentary intention will be found in Jordan v. Ringstaff, 213 Ala. 512, 105 So. 641, holding that a residuary bequest of property described as "cash notes and mortgages" included Liberty bonds and preferred stock of a corporation.

We are fully satisfied that the testator intended to dispose of all of his personal property of every kind, and that that result was accomplished by paragraph 7 of the will, fairly and consistently construed.

It results that the bill of complaint is without equity, and the demurrer was properly sustained; and, complainants declining to amend, the bill was properly dismissed.

The decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.