(118 So. 402)
**GADSDEN LOAN & TRUST CO. v. TENNESSEE COAL, IRON & R. CO.**
(6 Div. 143.)

Supreme Court of Alabama. Oct. 18, 1928.

M. B. McCollum, of Jasper, and W. H. Smith and Maud McLure Kelly, both of Birmingham, for appellant.

Percy, Benners & Burr, of Birmingham, and Arthur Fite, of Jasper, for appellee.

BOULDIN, J. Gadsden Loan & Trust Company sued Tennessee Coal, Iron & Railroad Company in statutory ejectment to recover the mineral interests in certain lands.

One link in plaintiff's chain of title offered in evidence was a certified copy of the will of Thomas Peters, deceased, with the certificate of probate thereof in 1883. The court reserved his ruling upon the admissibility of this evidence until it was disclosed by other conveyances offered that plaintiff claims through Tom P. Henley, a devisee under such will. At that stage the trial court sustained an objection to the will, upon the ground that Tom P. Henley did not take a legal title under the will. For this adverse ruling, plaintiff took a nonsuit with bill of exceptions.

The question of merit, therefore, is whether the will passed to Tom P. Henley a fee in the mineral lands referred to in the second paragraph thereof.

Paragraphs 1 and 2 of the will read thus:

"I desire my friend James W. Sloss of Birmingham, Ala., to take charge of all my interest in Birmingham, Ala., and sell the same to the best advantage, pay up all due balances and reserve whatever balance there may be for my Grandson Tom P. Henley.

"I desire that Col. James O. Neely of Memphis, Tenn., and Gen. Edmund Rucker of Birmingham, Ala., to take charge of all my unsold Coal and Iron land in the State of Ala. I think they ought to get $400,000.00 for it. I also desire that they take charge of my interest in the Pratt Coal and Coke Company and when they have paid all my just debts in Nashville &

Memphis, Tenn., and Birmingham, Ala., they will turn over balance to James W. Sloss who I hereby appoint as guardian of my grandson Tom P. Henley to be managed and held for my said grandson Tom P. Henley by said James W. Sloss as his guardian until he becomes of age. I also desire that James H. Polk of Maury County, Tennessee, take charge of a certain tract of land of about 18,000 acres in Henry County, Tenn., which he has bought from Robert Houssels and authorize him to make compromise with said Houssels or sell the lands to the best advantage possible as he may see fit."

The will then makes several bequests to collateral relations, one to Henry L. Wheeler, a friend, and wills an interest in mining property in Mexico to testator's brother, George B. Peters, and his grandson, Tom P. Henley. By a codicil the household and kitchen furniture is willed to two nieces and Tom P. Henley. Request was made that those to whom he had intrusted responsibilities be not required to give bond.

Appellant insists that the case of Rucker v. Tennessee Coal, Iron & Railroad Co., 176 Ala. 456, 58 So. 465, is a controlling authority to the effect that Tom P. Henley took a fee under the will in question.

That case was tried upon an agreed statement of facts. Recitals in the opinion show that Tom P. Henley was "sole heir and devisee" of Thomas Peters, deceased. No opinion was expressed as to what property or interest passed to Tom P. Henley as heir or as devisee. There was no occasion so to do. In that case, as in this, the only material question was whether the title passed to Henley one way or the other.

In the present case there was no evidence that Tom P. Henley was sole heir. The trial court was called to rule upon the admissibility of the will upon its face, unaided by any evidence placing him in the position of the testator in passing upon his intent.

If Henley was sole heir, the general scheme of the will is quite apparent. The testator's concern was in the selection of special men to handle certain property interests, clear them up, pay all debts, and save so far as they could a residue for the natural object of his bounty.

Taking the property in any event, the testator naturally showed little concern in defining the title or interest being devised. Indeed, as to certain interests in Tennessee lands, he makes no devise, and leaves it to pass by inheritance.

But, looking to the will alone, we are to say what interest passed to Tom P. Henley in the property to be turned over to James W. Sloss, as testamentary guardian for Tom P. Henley, to be held and managed by the guardian for the ward until he became of age.

It must be noted the will does make a devise or disposition of this land or some interest in it, and does not leave it wholly to inheritance. Partial intestacy as to property

expressly mentioned in the will, and in some measure disposed of, is not to be favored.

Of all the beneficiaries named in the will, Tom P. Henley was the sole descendant, the heir. Apparently he is the chief beneficiary under the will. No particular estate with remainder over appears throughout the will. All the other devises to Tom P. Henley are in fee. So are those to other beneficiaries.

The logical conclusion is that the limitation, "until he becomes of age," refers to the period of the guardian's management and possession, not to the estate limited to the grandson. It is to be "managed and held for" him. No restriction of his right to the income or profits appears. We conclude this is an apt illustration of the application of the rule:

"Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended."

The court erred in sustaining objections to the will as evidence.

Appellee insists that the cause cannot be reversed for this ruling, for two reasons:

(1) That the judgment entry shows an amendment of the complaint which does not appear of record. The original complaint covered numerous government subdivisions. The title being traced at this point in the trial was to an 80-acre tract entered by Levi Bates and conveyed by him to Thomas Peters. Appellee argues that, to support the court's ruling on the will, it should be presumed this tract was amended out of the complaint.

The entry by Bates and his deed to Peters were admitted without objection. Objection to the will was not made on the ground that such land was not sued for. The ruling was placed upon the express ground that the will did not pass title to Tom P. Henley. The principle is recognized that a ruling put upon wrong grounds, but correct upon other grounds appearing from the record, will not work a reversal. But, where the court acts upon stated grounds, and is in error in such ruling, this court will not presume there was some other ground, not raised nor disclosed, to justify such ruling. In appeals of this class the bill of exceptions need show only such facts as necessary to make the question presented intelligible. Code, § 6432.

(2) It is urged that the court refused to admit a later deed in the chain of plaintiff's title, that no exception was taken thereto, and, not being subject to review, must be taken as correct, and the ruling on the will harmless.

The will was the first link on which the admissibility of later conveyances must depend. Upon its rejection, plaintiff could not travel. This was the proper ruling upon which to take a nonsuit with bill of exceptions.

We may further note that, aside from the will as a basis for the later conveyance, the objection to the later deed went to proof of execution, an alleged defective acknowledgment of a deed by a corporation. A corporate deed may be witnessed or acknowledged. For all that appears, proof of execution might have been supplied, but without the will no title would pass by the deed.

The objections to review of the question presented are untenable.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.