(128 So. 458)

### SCHOWALTER v. SCHOWALTER et al.

#### I Div. 576.

Supreme Court of Alabama.

April 17, 1930.

Rehearing Denied June 5, 1930.

Harry T. Smith & Caffey and Rit M. Smith, all of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, C. M. A. Rogers, and John N. Allen, all of Mobile, for appellees.

366

THOMAS, J.

The first appeal is reported in 217 Ala. 418, 116 So. 116.

In that decision it was indicated that Dr. Schowalter's will may be properly construed by the courts as to the ambiguity or doubtful import of the terms employed, "remainder of my Estate"; and that parol evidence may be employed to enable the courts to assume the position of the testator, in order that the intent of testator as expressed in the will be declared. First National Bank v. Sheehan, 220 Ala. 524, 126 So. 409.

■ It is recognized by the courts that while parol evidence is permissible in the matter of an ambiguity, to explain its meaning, it is not permissible to show the terms the testator intended to use; that is, inadmissible to show intent not deducible from terms employed or in contradiction of the will. Achelis v. Musgrove, 212 Ala. 47, 50, 101 So. 670.

■ The rules of testamentary construction are well understood. Miller v. Wall, 216 Ala. 453, 113 So. 501; First National Bank v. Sheehan, supra; Ralls v. Johnson, 200 Ala. 178, 75 So. 926. Where a will is susceptible of construction, the decisions are uniform to the effect that the court, by way of parol evidence, will put itself, as far as possible, in the place of the testator, and in so doing, take into consideration the circumstances surrounding testator at the time he prepared and executed the will; look to the mode of testa-

tor's thought and living, his relations to or associations with the objects of his bounty and their conditions and needs, as age, condition, dependence or the lack thereof, the condition of his family, the amount, character, and productivity of his property, and the like. Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; First National Bank v. Sheehan, supra; Steele v. Crute, 208 Ala. 2, 93 So. 694; Blake v. Hawkins, 98 U. S. 315, 25 L. Ed. 139; Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322. Thus may the interpreter be placed in the position of the testator when he made the will, and from that standpoint discover what was intended by the terms he employed in his will. And of necessity each will presents its specific inquiry for intent and fact.

■ In Smith v. Bell, 6 Pet. 68, 75, 8 L. Ed. 325, Mr. Chief Justice Marshall said:

"The first and great rule in the exposition of wills, to which all other rules must bend is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law. 1 Doug.. 322; 1 W. Bl. 672. This principle is generally asserted in the construction of every testamentary disposition. It is emphatically the will of the person who makes it, and is defined to be 'the legal declaration of a man's intentions, which he wills to be performed after his death.' 2 Bl. Com. 499. These intentions are to be collected from his words, and ought to be carried into effect, if they be consistent with law.

"In the construction of ambiguous expressions the situation of the parties may very properly be taken into view. The ties which connect the testator with his legatees, the affection subsisting between them, the motives which may reasonably be supposed to operate with him, and to influence him in the disposition of his property, are all entitled to consideration, in expounding doubtful words, and ascertaining the meaning in which the testator used them."

See City Bank v. McCaa, 213 Ala. 579, 105 So. 669.

■ It is further established in Fowlkes v. Clay, 205 Ala. 525, 88 So. 651, 653, as follows:

"The testator's intention (if legal), being the law of the instrument, must be gathered from the whole instrument, and all of its parts, after taking due consideration of the manifest scheme of the testator to ascertain its spirit rather than its letter; and, if possible, to make it 'form one consistent whole,' where the general and primary interest prevails over a special or secondary interest to the contrary."

■ What then is the general and primary interest that prevails over any secondary interest to the contrary (Fowlkes v. Clay; Smith v. Bell; Ralls v. Johnson, supra) in the use (by a layman) of the words:

"Know all men by these presents that I, V. McR. Schowalter, Md., of the above mentioned Town, State, and County, being of sound and disposing mind and memory, do therefore, make, ordain, publish and declare this Instrument in writing to be my last will and testament, that is to say, First after all my lawful debts are paid and discharged I give five dollars ($5.00) to my son Edward R. Schowalter, Second to my son Preston J. Schowalter, five dollars ($5.00) third, to my daughter Alice Elsa Schowalter five dollars ($5.00), Fourth, to my beloved wife, Charlotte Gertrude Schowalter I give device and bequeath the residure of my Estate both real and personal; at her death the remainder of my Estate to be Equally divided between my children, Edward R. Schowalter,- Preston J. Schowalter, and Alice Elsa Schowalter. I hereby constitute and appoint my said wife Charlotte Gertrude Schowalter to be the sole Executrix of this my last will and testament hereby revoking all former wills by me made, and I direct that my Executrix be not required to give bond.

"In witness whereof I have hereunto signed my name and affixed my seal the 11th day of June, 1925.

"V. McR. Schowalter, Md. [Seal.]
"[Attested by]
"M. E. Green
"H. G. Bishop"
—of date of June 11. 1925; and those of October 30, 1925, as follows:

"Codicil No. 1 October 30 1925. The erasure of the words 'or remarriage' were erased by me October 30, 1925.
"V. McR. Schowalter [Seal.]
"[Attested by]
"Henry H. Henkel, Fairhope, Ala. [Seal.]
"M. E. Green, Fairhope, Ala. [Seal.]"

The testator was not a lawyer; wrote his own will; was not skilled in the use of legal phraseology, as evidently was the case in Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322. What did he mean by the use of the words or phrases: (1) "to my beloved wife. Charlotte Gertrude Schowalter I give device (devise) and bequeath the residure (residue) of my Estate both real and personal"; and (2) "at her death (or re-marriage, interpolated as 'erased' by the codicil) the remainder of my Estate to be Equally divided between my children," etc.?

It is true that the instant will is not greatly different, in some of its phraseology as to the "remainder," in respect to that construed in Smith v. Bell, supra. In one a layman prepared his own will; in the other it was evidently prepared by an attorney at law—the respective preambles and general structure of the wills show such fact, and this is shown by the evidence as to the instant will. In the Schowalter will there was the gift of the nominal sums in money to the respective children;

in the Goodwin will there was the gift of two pieces of personal property from or in use at the homestead of testator. In the instant will there was required of payment the debts and small or nominal sums to each of testator's children; thus creating what testator called the "residure (residue) of my (his) estate," which he "gave, deviced (devised) and bequeathed" to his wife; in the Goodwin will he gave and bequeathed unto his wife all his personal estate "to and for her own use and benefit and disposal absolutely." In the Schowalter will it is further provided that "at her death the remainder of my estate to be equally divided between my children," etc.; and in the Goodwin will the final provision was that "the remainder of said estate, after her decease, to be for the use of the said Jesse Goodwin," who was the son of testator. In the Schowalter will the wife was made executrix without bond, and in the Goodwin will the wife as executrix was not so exempt. In one there was no codicil; in the other there was an erasure by way of a codicil of the words "or remarriage" after the word "death." It was held in the Goodwin will that the wife had a life estate in the personal property—a family of negroes—and that "said estate" was vested by way of remainder to the only son, who would come into possession thereof on the death of said life tenant Elizabeth. A substantial difference in the two cases is that the instant will was by a layman and the terms employed in the Goodwin will were those prepared by an attorney who knew the accepted, legal meaning of the word "remainder." And the gift to each child of the named sum of $5 in the Schowalter will evidenced the unmistakable intent of testator to exclude said legatees from technical "remainder" in the estate. Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Walls v. Walls, 218 Ala. 147, 117 So. 670. In Jordan v. Ringstaff, 213 Ala. 512, 105 So. 641, it is declared that the gift and devise of balance of property was intended as a residuary clause, in the absence thereof.

We may again say that courts exercise caution in considering evidence as to declarations of a grantor or a testator as to ambiguous devises or grants; but when their interpretation of an ambiguous word or clause is ascertained it will be accepted and applied. Sadler v. Radcliff. 215 Ala. 499, 503. 111 So. 231; Brooks v. Bank of Wetumpka, 210 Ala. 689, 98 So. 907; Montgomery Enterprises v. Empire Theater Co., 204 Ala. 566, 572, 86 So. 880, 19 A. L. R. 987.

In construing wills a clear gift is not to be cut down by anything which fails to indicate, with reasonable certainty, that such was the intention of the testator. Code, § 6900; McCreight v. Porter, 210 Ala. 50, 97 So. 53; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Pearce v. Pearce, 199 Ala. 491, 498, 74 So.

368

952; O'Connell v. O'Connell, 196 Ala. 224, 72 So. 81; Pitts v. Campbell, 173 Ala. 604, 55 So. 500. That is to say, courts lean to the construction which would vest in the first devisee a fee-simple title to the land, in the absence of a clear implication and limitation to the contrary to be found in the succeeding language. Spira v. Frenkel, 210 Ala. 27, 97 So. 104; Powell v. Pearson, 220 Ala. 247, 125 So. 39.

The word "remainder," as employed in the will construed in Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322, had the technical meaning of an estate which is dependent upon a particular prior estate created at the same time and by the same instrument, and limited to arise immediately on the determination of that estate, and not in abridgement of it. 4 Kent. Comm. 197; 2 Bl. Comm. 164.

The words "remainder of my estate," as employed by the layman-testator in the ordinary sense, are by way of description or designation that which may remain undisposed of by the wife at the time of her death —the person to whom the residue of his (testator's) estate or property is first devised.

We have indicated that where the use of the word "remainder" followed a devise which, standing alone, amounted to or was a fee the word "remainder" so used is generally construed as referring to the property unconsumed or undisposed of by devisee, and not as limiting the estate of the first taker, as would be the fact of a remainder in the legal sense. Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Park v. Powledge, 198 Ala. 172, 73 So. 483, L. R. A. 1917C, 1001. ,

Many of the questions now discussed at length were propounded, considered, or decided on first appeal. And that opinion concluded as follows:

"Dr. Schowalter had all the normal affection and sense of obligation to his widow and daughter remaining at home. Did he give his wife a fee for the purpose of disposition in providing for herself and daughter while their status continued, with remainder to his three children in any portion of the estate, property, or its proceeds remaining unconsumed? He trusted his wife in naming her as executrix without bond. If indeed the condition of his estate known to him was such that a life estate merely would be useless, valueless, and a burden to those who in the normal relations of life were the first objects of his care, we may well hesitate to approve the interpretation of his will asserted by appellants." Schowalter v. Schowalter, 217 Ala. 421, 116 So. 116, 119.

The voluminous evidence has been carefully considered, and we are of opinion that testator gave his wife a fee in and to what he termed "residure of my estate," for the pur-

pose of use, enjoyment, or disposition for value and in good faith, in providing for herself and in her station in life, and while the status continued, with remainder, in the generally or commonly accepted meaning, to his three children, in that portion of the estate, property or proceeds thereof which is unconsumed at the death of the wife. Joseph M. Braley v. Robert E. Spragins et al., etc., ante, p. 150, 128 So. 149.

It is unnecessary to discuss the evidence in detail. The case was carefully briefed and presented in oral argument, and we are convinced that such was testator's intention, when that instrument is illustrated by the parol testimony introduced at the trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.