178 So. 218
### ARRINGTON et al. v. BROWN.
### 6 Div. 210.

Supreme Court of Alabama.

Jan. 13, 1938.

Herbert J. Ward, of Birmingham, for appellee.

Jim Gibson, of Birmingham, for appellants.

FOSTER, Justice.

This is a petition in equity in the matter of an estate which had been removed thereto, to construe the will of decedent, and so interpret it as to make it include a certain deed. There are three such petitions filed by three heirs of the estate, and the rights of all are dependent upon the same facts.

The decedent, J. M. Brown, died November 1, 1936, and his will was probated November 25, 1936. The part sought to be construed is "Item V," which is as follows: "Deeds to certain property have been made to the following: Mable Brown Arrington, Lottie Brown and Bertha Mae Brown and Mary G. Brown. These to come into their possession at the time of my death."

Mable Brown Arrington and Lottie Brown are daughters of decedent. Bertha Mae Brown is a granddaughter, and Mary G. Brown is the widow. The will appointed the widow as executrix, and gave her certain real and personal property specifically described.

In "Item IV" he gave to Mable Brown Arrington an one-half interest in his burial lot. Then in "Item V" he made the reference which we have copied, and made no residuary bequest.

The separate petitions of Mable Brown Arrington, Lottie Brown, and Bertha Mae Brown alleged that on the date of the execution of the will, decedent executed warranty deeds conveying to each separately certain respective pieces of property. They are not otherwise devised, unless "Item V," in connection with the separate deeds, does so. The petitions allege that the deeds were not recorded nor probated. They do not expressly allege that they were not delivered, nor that they were delivered. "Item V" indicates that they were not. The case is argued as though they were not delivered. They are in the ordinary form of a warranty deed, except that the habendum clause is as follows: "To have and to hold. To the said Lottie Brown (or the name of another) after death of J. M. Brown, heirs and assigns forever."

If they had been delivered they would have conveyed an estate in remainder after the death of the grantor. Farr v. Perkins, 173 Ala. 500, 55 So. 923; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; Phillips v. Phillips, 186 Ala. 545,

65 So. 49, Ann.Cas.1916D, 994; 18 Corpus Juris 338.

But when it cannot operate as a deed for want of delivery, that is a strong circumstance to show that it was intended as a will, and it will be so construed in doubtful cases. Sharp v. Hall, 86 Ala. 110, 5 So. 497, 11 Am.St.Rep. 28.

The will proper now under consideration was attested by two witnesses. The deeds were acknowledged before one of the witnesses to the will, acting as a notary public. But the deeds did not have two witnesses. So that without delivery, they were inoperative as deeds, and not being attested by two witnesses, they were inoperative as a will. Section 10598, Code; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am.St.Rep. 145. So that to have any operation they must be impliedly made a part of the will by "Item V."

"If a properly executed will incorporates in itself by reference any document or paper not so executed, whether it be in form of a will, or codicil or of a deed or of a list or memorandum, the paper so referred to, if it was in existence at the time of the execution and is identified by clear and satisfactory proof as the paper referred to therein, takes effect as a part of the will." 68 Corpus Juris 641, note 90; Matthews v. McDade, '72 Ala. 377; Kidd v. Borum, 181 Ala. 144, 156, 157, 61 So. 100, Ann.Cas.1915C, 1226; Myrick v. Williamson, 190 Ala. 485, 67 So. 273.

It is also said that "if there is a distinct reference parol evidence is admissible to identify the paper referred to." 28 R. C.L. 113, note 15.

When there is in a will inapt phraseology, proof of attendant facts even of instructions given to the draughtsman in respect to its nature in that respect, are admissible. Sharp v. Hall, supra.

Generally, when there is a latent ambiguity in a will, statements and declarations as well as occurrences at the time of its execution are admissible to shed light on the meaning. Money v. Money, 176 So. 817, ante, p. 15; Sharp v. Hall, supra.

The meaning is also to be construed in the light of legal presumptions. One of them is that a testator intended to dispose of his entire estate and not to die intestate either as to the whole or as to any part of it, unless a contrary intention is shown by the will. Roberts

v. Cleveland, 222 Ala. 256, 132 So. 314; Gadsden L. & T. Co. v. Tennessee C. I. Co., 218 Ala. 219, 118 So. 402; Walls v. Walls, 218 Ala. 147, 117 So. 670; Jordan v. Ringstaff, 213 Ala. 512, 105 So. 641; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Pitts v. Howard, 208 Ala. 380, 94 So. 495.

So that the nearness of the act of making the will and signing the deeds, and their existence at the time, and the reference to the deeds in the will, as evidence of an intention to dispose of the property as manifested in them, and the failure to make other disposition of the property included in the deeds, though he undertook to will his property, all lead to the conclusion that the deeds and will should be taken as one instrument; a will of all his property mentioned in them. Kidd v. Borum, supra, 181 Ala. 144, at pages 156, 157, 61 So. 100, Ann.Cas.1915C, 1226.

The petitions show a prima facie right to have the will so construed as to make the deeds mentioned in it and described in the petitions a part of the will. All such documents should upon the facts alleged be taken together as one and forming the will of decedent.

We think, therefore, that the demurrers should have been overruled in so far as any ground is here argued. Let the demurrers be overruled.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.