J. OHRUM SMALL, Executor of the last Will and Testament of Helen C. Green, deceased,

*vs.*

EMILY M. ADAMS, ABBIE E. EVERARD, J. OHRUM SMALL, MARGARET MOORE CRAVER, HENRY CARLETON MOORE, HENRY WARFIRLD ADAMS, GLADYS EVERARD DIEHL, EVELYN N. EVERARD and ABIGAIL M. EVERARD.

*Sussex, March* 31, 1931.

*Everett E. Borton,* for complainant.

*Elwood F. Melson,* for respondents Emily M. Adams, Abbie E. Everard, J. Ohrum Small, Margaret Moore Craver, Henry Carleton Moore, Henry Warfield Adams, and Gladys Everard Diehl.

*Herman Cohen,* for respondents Evelyn N. Everard and Abigail M. Everard, who answered by John Curran, Jr., their guardian.

THE CHANCELLOR. The principal question in this case concèrns the disposition which is to be made of that portion of the estate of the testatrix which was not specifically mentioned in items 2, 3, 4, 5 and 6 of her will. In those items certain property was particularly described. Some of it, the household goods, clothing, money in bank after debts and funeral expenses were deducted (items 2 and 6), was bequeathed absolutely; and other of it, the house and lot (item 4) and the securities (item 3), was given for life to Mrs. Adams, remainder over (item 5 and the codicil) to relatives.

Item 5 which creates the interests in remainder after the death of Mrs. Adams by use of the word "foregoing" in effect repeats the specific description of securities and land which the earlier items enumerate. Now it so happens that the testatrix was possessed of more property than the enumerated items specified—how much more is not shown. I assume it was not of large value.

There being no residuary clause in the usual form, it is argued that the excess of property over and above the specifically described items was undisposed of, and that, as to it, there was therefore an intestacy. In answering this argument, two principles of construction are to be kept in mind. The first is, that the existence of a will raises such a presumption in favor of the

idea that the testator intended to dispose of his entire estate, that in the construction of doubtful language "that interpretation is to be adopted if possible which avoids a partial intestacy, unless it clearly appears that the testator intended to die intestate as to part of his property." 28 *R. C. L.* 227, 228. The other principle is that while the natural and logical position of a residuary clause is at the end of the disposing portion of the will, its presence at any other place in the instrument will not lessen its force and effect. 40 *Cyc.* 1563; 2 *Alexander on Wills*, § 672. This is but a corollary of the general principle that the testamentary intent is to be gathered from the will as a whole. Furthermore, no principle is more firmly embedded in the law than this, that in interpreting a will the intent of the testator is to be gathered not so much from the style and manner of expression as from the evident meaning which the words employed were clearly designed to express.

If there is language in this will of doubtful significance as indicating an intention to dispose of the residue after debts, funeral expenses and the specific bequests were taken out, the principle first above stated would require the resolving of that doubt in favor of a residuary disposition in order that partial intestacy might be avoided.

I think there is such language. The place of its location in the will is as before stated of no moment. Neither is it of consequence that the language is informal and such that a careful draftsman would not have used. It seems perfectly clear, notwithstanding the manner of expression, that the testatrix thought that she was disposing of her entire residuary estate, giving it all to Mrs. Adams for life with remainder over. In item 5, after she had by reference in substance repeated every item of property which was to go to Mrs. Adams for life, she described it as being "the whole of the residue of my estate." And in the codicil she again referred to the property mentioned in Item 5 as "the whole of the residue of my estate." From these expressions found both in the will and in the codicil, it is apparent that the testatrix believed that everything she had given to Mrs. Adams for life was but a detailed enumeration of every single item of assets to be found in the residue of her estate, and that therefore the

detailed enumeration and the residue were synonymous in her mind. What she in substance said was this—I give this and this and this property, that is to say, the whole residue of my estate to my sister, Mrs. Adams, for life, remainder over. If instead of putting her desire in that form, she had reversed the order of expression and put it in this way—I give the whole residue consisting of this and this and this to my sister for life with remainder over—the thought would be exactly the same. Now if she had used.this latter manner of expression, there can be no doubt but that any property left by her not within the particular description would fall under the general word residue and pass accordingly. The principle as stated in 40 *Cyc. p.* 1528 would apply in that case, viz., that "in the absence of any indication from the whole will of an intention to the contrary, a gift by words of general description is not to be limited by a subsequent attempt at a particular description." In the case of *Martin v. Smith*, 124 *Mass.* 111, this principle was given a practical application. In that case the devise was of "all the real·estate I may die possessed of, to her and her heirs and assigns forever, which property is situate on the north side of ·North Street in said Lowell." The testator died possessed of real estate on the south side of the street as well as on the north side. The court in holding that both properties passed under the devise said—"The general rule is undisputed, that a gift by words of general description is not to be limited by a subsequent attempt at particular description, unless such appears to be the intention of the testator from the whole will." To the same effect are *King v. George*, 5 *Ch. Div.* 627, and *Hacker v. Hacker*, 153 *App. Div.·*270, 138 *N. Y. S.* 194. In this State the case of *Knight v. Knight*, 10 *Del. Ch.* 304, 89 *A.* 595, recognizes the same principle. Its applicability in that case was facilitated however by a circumstance of fact which renders the case less pertinent to this one than are the cases just cited.

Viewing the language of this will as meaning to make a gift of the testatrix's entire residue to Mrs. Adams for life, with remainder over, the omission of some little personal property from the specific description of the residue cannot serve to take the omitted property out of the operation of the gift of the residue and thereby create a partial intestacy.

In view of this conclusion, the other questions discussed on the briefs become moot and therefore call for no attention.

Decree in accordance with the foregoing.