MARGARET C. DOWNS, Executrix of the Estate of
Anna Virginia Vining,

*vs.*

NELLIE M. WEBB CASPERSON, VIVIAN CASPERSON, E. DORIS
BICKING, WILLIAM H. ELICOTT, JANE McCAUGHN,
MAUDE WILHELM, also known as Mrs. Deleany Wil-
helm, MARGARET McCAUGHN, EMILY WHITE, also
known as Mrs. James White, MARGUERITE WATTS, also
known as Mrs. Ralph Betts, and JOHN Y. ELKINTON.

*New Castle, Mar. 23, 1934.*

*Edmund S. Hellings,* for complainant.

*Albert W. James,* for Jane McCaughn.

*Francis deH. Janvier,* for John Y. Elkinton.

THE CHANCELLOR: The will and codicil which this case brings before the court are plainly of the home-made variety.

The will is as follows:

"New Castle December 4, 1931

"The Will of Anna Virginia Vining

"First—I give and bequeath to Mrs. James P. Downs $1,000

"Second I give and bequeath to Mrs H L Casperson $1,000 to be used to educate her daughter Vivian Casperson also the old table in my room

"Third I give and bequeath to Mrs E Doris Bicking $500 and any of my chloses she may select

"Fourth to Wm H Elicott what remains after my expenses are met

"Fifth I give and bequeath to Miss Jane McCaughn $1,000 and all that belongs to me stored in her home

"Sixth I give and bequeath to Mrs. Deleany Whilhelm $1,000 and what is in my room except the old table  Their is deposited in the bank at New Castle $1,000 to be used for my funeral and all my expenses to be buried in the grave with Mother and my name on her stone Born Nov 20 1845 my black jet ring is for Miss Jane McCaughn the plain ring for Miss Margaret McCaughn

"The table Mrs James White has I give to her  Mr Wm H Ellicott address 5602 Hadfield St. Phila. Pa

"Mrs E Doris Bicking address 2313 North — Street Phila Pa

"This is my last Will

[Signed]        Anna Virginia Vining    Seal
New Castle Del Dec 4, 1931

"Mrs. James P. Downs to be my Executrix

"Witness

"Frank H. Long

"John F Cloud."

The codicil is as follows:

"Anna V. Vining

"New Castle

"Delaware

"Nov. 28 1923

"I desire that Mrs J Downs give Mrs Ralph Watts $200 and John Y Elkinton $500

"[Signed]   Anna V. Vining

"Witness

"Nellie M. Webb Casperson

"Luther E. Sites"

It is to be noted that whereas the will is dated December 4, 1931, the codicil appears on its face to antedate the principal instrument by about eight years. The codicil has however, been duly probated with the will before the Register of Wills in New Castle County. Probably proof was taken that the date of the codicil was erroneously stated. At all events it was duly probated by a court of proper jurisdiction. That being so it cannot be collaterally attacked. *St. James' Church v. Walker*, 1 *Del. Ch.* 290; *Pennel's Lessee v. Weyant*, 2 *Har.* 501; *Smith's Lessee v. Redden*, 5 *Har.* 322. The executrix should therefore consider the codicil as a part of the will.

One question upon which the executrix wishes to be advised is as to the meaning of the fourth paragraph of the will. That clause follows after three pecuniary legacies had been bequeathed. It reads, "To Wm. H. Elicott what remains after my expenses are met." The question is propounded—does that clause mean that Wm. H. Elicott is to receive the entire estate that remains after the debts and the three preceding legacies are paid? If so, the legacies mentioned in the fifth and sixth items as well as the legacies mentioned in the codicil were all provided for by the testatrix with full knowledge on her part that nothing could possibly be available for their payment. An intention of that sort would be absurd.

It cannot be assumed that the testatrix made merely a pleasant verbal gesture towards the legatees mentioned in the sixth item of her will. She intended the legacies there given to be enjoyed if the condition of her estate permitted.

A reconciliation of item fourth with the rest of the will is accomplished if that item is allowed to stand as a general residuary clause. The fact that a clause which is residuary in character is not placed in its logical position at the end of the will, is of no moment. It was so held by this court in *Small, Ex'r., v. Adams, et al.*, 17 *Del. Ch.* 316, 154 *A.* 473. The clause in question must be held as a general residuary one. Upon no other theory can the will in all of its parts be reconciled and absurdity avoided.

Finally, what is the meaning of the codicil? Its language is—"I desire Mrs. J. Downs give Mrs. Ralph Watts $200, and John Y. Elkinton, $500." Mrs. Downs was both a legatee named in the will in the amount of one thousand dollars and the executrix.

Conceding the word "desire" to be dispositive in meaning, if Mrs. Downs was personally to supply, or as the codicil says "give," the two legacies of two hundred dollars and five hundred dollars out of her own funds on the theory that they were charged either upon her personally or upon the legacy of one thousand dollars bequeathed to her by the will, the effect would be that her legacy would be cut down to one of three hundred dollars. That could hardly be, because the legacy of one thousand dollars was bequeathed to her in clear and absolute terms and it is a principle of interpretation that an absolute interest given in one part of a will in clear and decisive terms cannot be cut down or limited by subsequent provisions of the will unless the part providing for the lesser interest is expressed in as clear and decisive language as is the part giving the larger interest. *Jamison, et al., v. Craven, Ex'r., et al.,* 4 *Del. Ch.* 311; *James, Adm'r., v. James, et al.,* 16 *Del. Ch.* 34, 139 *A.* 787; *National Bank of Smyrna, Ex'r., v. Ireland, et al.,* 19 *Del. Ch.* 76, 162 *A.* 54.

The codicil, in its expression of desire that Mrs. Downs give the sums mentioned to Watts and Elkinton, does not make any reference to the legacy bequeathed to Mrs. Downs or indicate that that legacy should be the source from which the sums should be paid. It certainly cannot be said, when it is remembered that Mrs. Downs was the executrix as well as a legatee, that the codicil clearly and decisively indicates an intent that she should make the gift from her own legacy. I am of the opinion that the testatrix meant that Mrs. Downs should make the gifts from the funds in her hands as executrix. It is as though the testatrix had said— "I desire that my executrix, who is Mrs. J. Downs, give," etc. Notwithstanding the crudity of this will and codicil and

the inaptitude of expression on the part of the testatrix, the meaning just stated may very well be deduced from the language she employed.

If the phraseology actually adopted by her has the meaning I have just assigned to it, the only question that can then arise is whether or not the world "desire" is dispositive in meaning. That the word may be precatory in meaning is undoubted. But that it may be dispositive in meaning is equally undoubted. It is probably used by testators more frequently in the latter sense than in the former. Where it expresses the testamentary intention of the testator, it is mandatory in meaning and is as imperative as "I direct." *Taylor v. Martin,* (*Pa.*) 8 *A.* 920, 6 *Sad.* 125. Had this testatrix said "I desire my executrix to give," etc., the testamentary intent to bestow the legacies would be plain. The desire would be the equivalent of a direction.

Decree in accordance with the foregoing.