DELAWARE TRUST COMPANY, a corporation of the State of Delaware, Executor of the Last Will and Testament of Edmund Curtiss McCune, deceased,

*vs.*

CURTISS S. McCUNE, HOMEOPATHIC HOSPITAL ASSOCIATION OF DELAWARE, a corporation of the State of Delaware, and THE SALVATION ARMY, a corporation of the State of New York.

*New Castle, May 3, 1951.*

114

*William Poole,* of Southerland, Berl & Potter, Wilmington, for the plaintiff.

*John S. Waker* and *Frank J. Miller,* Wilmington, for Curtiss S. McCune.

*Robert H. Richards, Jr.,* of Richards Layton & Finger, Wilmington, for Homeopathic Hospital Association of Delaware and The Salvation Army.

WOLCOTT, Chancellor: The plaintiff has filed a complaint seeking instructions with respect to the disposition of certain personal property in the estate of Edmund Curtiss McCune. The testator on June 30, 1949 executed a codicil to his will, by Item III of which he gave to his nephew, Curtiss S. McCune (hereinafter called "McCune") a sum of money and his Greenville property "together with all the contents thereof." On June 7, 1950, the testator executed a second codicil to his will, by Item II of which he revoked in its entirety Item III of the first codicil, and devised to each of the other defendants one-half of his residuary estate. The will of the testator and the two codicils thereto were admitted to probate and the plaintiff qualified as executor.

If it should ultimately be the fact that the second codicil is effective as a testamentary disposition, the Greenville property with its contents becomes a part of the residuary estate devised by the second codicil. If, on the other hand, the second codicil should ultimately be determined to be ineffective as a testamentary disposition, the Greenville property with its contents passes under Item III of the first codicil to McCune.

The contents of the Greenville property consist largely of Oriental rugs and antique furniture and, as such, have a special value because of their unique character. The appraised value of these chattels exceeds $20,000.00.

Subsequent to the grant of letters testamentary to the plaintiff, McCune notified it that he proposed to take appropriate legal action to review the probate of the second codicil. He has the right to institute legal proceedings to

review the probate of the second codicil at any time within one year after its probate. *Sec.* 3801, *R.C.* 1935.

The plaintiff finds itself in a dilemma with respect to the chattels located within the Greenville property. The chattels are of great value and have been left by the plaintiff in the Greenville property. Because of their value the plaintiff is paying a watchman to remain on the premises at all times. The plaintiff desires either to deliver the chattels to the beneficiaries entitled to them, or to sell them at the best price obtainable in order to save the expense of the watchman required to protect them. Because of the notice given by McCune to the plaintiff, the plaintiff is unable safely to dispose of the chattels by either method. If McCune is successful in his proceeding to set aside the second codicil, the chattels will descend to him under Item III of the first codicil and, in that event, it is possible that McCune will desire the chattels delivered to him for his own use. The other defendants who would be entitled to the chattels if the second codicil is ultimately upheld desire that the plaintiff sell the chattels for the best price obtainable.

McCune alleges in his answer the improper probate of the second codicil by reason of the mental incapacity of the testator. The paragraphs of the answer setting forth this defense are subject to the plaintiff's motion to strike on the ground that this court has no jurisdiction to review the probate of a will or codicil thereto. The second and third defenses of the answer of McCune allege in substance that the plaintiff should be refused relief because this court has no jurisdiction over the subject matter of the suit and because the plaintiff has an adequate remedy before the Register of Wills. Both the second and third defenses of McCune are also subject to the plaintiff's motion to strike. The plaintiff has also moved for summary judgment supported by affidavit.

The initial question for decision is one of juris-

diction. The Supreme Court in *Glanding v. Industrial Trust Co.,* 28 *Del. Ch.* 499, 45 *A.* 2*d* 553, in affirming a decree accepting jurisdiction over decrees of distribution had occasion to settle the extent of Chancery jurisdiction which, up to that time, had been in some doubt because of conflicting expressions appearing in the reported cases. It is not necessary to enter upon a discussion of the question. The jurisdiction of this court is now finally settled as coextensive with the system of equity jurisprudence administered by the High Court of Chancery of Great Britain and brought to this state by the colonists, subject to the equitable principle that equity will not exercise jurisdiction when a complete and adequate remedy exists at law. The holding of the *Glanding* case I take to be a definition of the constitutionally prescribed jurisdiction of the Court of Chancery.

The *Glanding* case, since it adopts as part of the constitutionally conferred jurisdiction of this court the familiar rule that equity will not act when there is an adequate remedy at law, has recognized that the Legislature, by providing for a complete, adequate and exclusive remedy in some other tribunal, may take from the Court of Chancery part of its ancient jurisdiction. It is to be emphasized, however, that such a limitation will occur only when the three conditions concur. The new remedy must not only be complete and adequate, but it must also be expressly exclusive in order to divest this court of jurisdiction over the subject. This principle has been recently recognized by the Vice Chancellor in *DuPont v. DuPont, ante p.* 56, 79 *A.* 2*d* 680.

In Great Britain, prior to the separation of this state from the Crown, the jurisdiction of the Court of Chancery to superintend the administration of decedents' estates had become established and thus was brought to this country by the colonists. *Haycock v. Haycock,* 2 *Ch. Cas.* 124, 21 *Eng. Rp.* 884; *Pamplin v. Green,* 2 *Ch., Cas.* 95, 21 *Eng. Rp.*

940; *Matthews v. Newby*, 1 *Vern.* 133, 21 *Eng. Rp.* 955; *Stonehouse v. Stonehouse*, 1 *Dick.* 98, 21 *Eng. Rp.* 205.

The jurisdiction of this court to give instructions to executors in the administering of estates, at least in some phases, has long been recognized. *In re Ortiz' Estate*, 26 *Del. Ch.* 240, 27 *A.* 2d 368; *Theisen v. Hoey*, 29 *Del. Ch.* 365, 51 *A.* 2d 61; *Walker v. Caldwell*, 8 *Del. Ch.* 91, 67 *A.* 1085; *Conner, Adm'r., v. McIlvaine*, 4 *Del. Ch.* 30. Indeed, if there were any doubt concerning the jurisdiction, that doubt would seem to be resolved by *Glanding v. Industrial Trust Co., supra,* subject of course to the possibility of ouster of jurisdiction by reason of the establishment of a complete, adequate and exclusive remedy in some other tribunal.

It is to be concluded, therefore, that this court has jurisdiction of the case at bar unless a complete, adequate and exclusive remedy has been conferred upon some other tribunal. McCune urges that such a remedy may be obtained in the Register of Wills' court, a constitutional court of long standing, continued by the *Constitution of* 1897. The Constitution does not define in detail the powers and jurisdiction of the Register of Wills, but some aid may be found in *Chapter* 98, *R.C.* 1935, containing the statutes relating to the Register of Wills. It is to be found from the constitutional and statutory provisions that the Register of Wills acts as both a judicial and an accounting official. He has judicial powers in connection with probate and petitions for review, and in the granting of letters of administration. From his decisions in such matters an appeal lies to the Superior Court. The Register has powers as an accounting officer in connection with inventories and accounts of personal representatives filed with him. From his decision in accounting matters, an appeal lies to the Orphans' Court.

The duality of the position of the Register as accounting officer and judge is recognized in *Robinson v. Robinson*,

*Adm'r.,* 3 *Harr.* 433, and *Wilmington Trust Co. v. Baldwin,* 8 *W. W. Harr.* 595, 195 *A.* 287. In the *Baldwin* case, the court had before it the question of the constitutionality of a statute authorizing the Register to issue a decree of distribution, and expressed serious doubt as to the authority of the Legislature to confer judicial functions upon the Register with respect to accounts when the constitutional limits of his authority with respect to accounting make that function purely ministerial and not judicial in character.

The two cited cases point out quite clearly the limited judicial powers of the Register. The question of whether the Legislature can enlarge upon those powers by invasion of the field of constitutional jurisdiction of another court has never been decided. Indeed, in the *Baldwin* case the court was careful to expressly disclaim any intention of ruling upon the question. However, the question is not before me because the Legislature has not attempted to extend the authority of the Register of Wills to the field of instructing executors concerning the administering of estates, a long established field of equity jurisdiction.

The Register being without authority to give the plaintiff relief in the nature of instructions, it follows that this court has not lost its jurisdiction to give such relief. I conclude, therefore, that this court has jurisdiction of the case at bar. Accordingly, the second and third defenses of McCune which assert the lack of jurisdiction of this court and the existence of an adequate remedy before the Register of Wills will be struck.

Part of the matter contained in the answer of McCune which is sought to be struck by the plaintiff seeks to raise the question of the validity of probate of the second codicil. In *Cummins v. Cummins,* 1 *Marv.* 423, 31 *A.* 816, it was held that the Register of Wills, under the *Constitution of* 1831 then in effect, had extensive jurisdiction in the first instance to pass upon the probate of wills. The present

Constitution with respect to the jurisdiction of the Register's court does not change the jurisdiction theretofore conferred and specifically gives the right of appeal from the Register's court in probate matters to the Superior Court. There is to be found in the Constitution and statutes of this state no provision conferring upon the Court of Chancery jurisdiction in such matters. This has been indirectly recognized by the refusal of this court to permit a collateral attack upon the probate of a will or codicil. *Cf. St. James' Church v. Walker*, 1 *Del. Ch.* 284; *Down's Executrix v. Casperson*, 20 *Del. Ch.* 119, 171 *A.* 753.

█ The allegations with respect to the invalidity of the probate of the second codicil sought to be interposed by McCune by way of defense amount to a collateral attack upon the probate of the codicil and, as such, will not be permitted. Plaintiff's motion to strike those portions of the defendant McCune's answer, therefore, is granted.

McCune argues that if the validity of the second codicil is not a proper issue in the case then he is improperly joined as a party. The suit, however, relates to the disposition of chattels of which McCune claims to be the beneficial owner and, as such, he is a proper party to the action.

It having been concluded that this court has jurisdiction over the general subject matter of the suit, the final question to be determined is whether or not, under the circumstances of the present case, this plaintiff is entitled to instructions. The plaintiff is faced with a problem of administration. It must make a decision. It is faced with the possibility of prospective attack upon the probate of one of the instruments governing the distribution of the estate. Whether that attack is successful or unsuccessful, the ultimate distribution of the property in the hands of the plaintiff is affected. The plaintiff fears, and, under the circumstances, it cannot be said that its fears are groundless, that the defendant McCune, in the event of a

successful attack upon the probate of the second codicil, will demand delivery to him of the chattels. If the plaintiff does not have the chattels to deliver, it fears it might be subjected to surcharge at the instance of McCune.

On the other hand, if the attack upon the probate of the second codicil is unsuccessful, the other defendants are entitled to the property in question. They desire that the chattels be sold in order to convert them into cash and, at the same time, prevent further expense to the estate caused by their continued possession by the plaintiff. If the plaintiff, in anticipation of a successful attack upon the probate of the second codicil, retains the chattels and such successful attack should not be accomplished, the plaintiff fears it might be subjected to surcharge at the instance of the other defendants.

The plaintiff as executor is required to use good judgment in the administration of the estate it represents, and to act in all ways with good faith. An executor is not an insurer of assets which come into his hands but he is required to use ordinary care, prudence, skill and diligence, and a resulting loss to the estate because of the executor's failure in that respect will subject him to surcharge. *In re Estate of Spicer*, 13 *Del. Ch.* 430, 120 *A.* 90.

The dilemma of the plaintiff is an unusual one and is largely due to the refusal of McCune to give a clear indication of his future course. McCune has put the plaintiff on notice of the possibility of an attack on the probate of the second codicil which, if successful, will change materially the problem of administration of the estate in question. However, he has not made any apparent move toward the commencement of such an action. He still has several months within which to institute his proceedings. McCune is within his rights not to disclose his actual intentions but it seems unfair to me to require the plaintiff, meanwhile, to act at its peril and to require it to forecast the future by selecting one of the possible results with the

fear of surcharge in the event of its failure to predict accurately. To require of the plaintiff the ability of a prophet is to require more than good judgment of it. Under the circumstances, I believe the plaintiff is entitled for its protection to the instructions of this court.

The plaintiff has not taken in the record any position as to what course of action is the proper one for it to follow. Before this is determined, I want the recommendations of the plaintiff in that respect and will afford the defendants an opportunity to be heard with respect thereto.

The plaintiff's motion for summary judgment will be granted and an order entered on notice to the defendants. The application of the plaintiff for such order should contain a recommendation of the course to be followed.