99 A.2d 557 (1953)
SHANE
v.
JOHNSON et al.
Civ. A. No. 427.
Court of Chancery of Delaware, New Castle.
September 29, 1953.
Victor J. Colombo, of Wilmington, for plaintiff.
Anthony F. Emory, of Wilmington, for defendants Elizabeth R. Johnson, Sarah A. Bidden, Robert J. Fleming, Alfred H. Fleming, Martin F. Shannon, Jr., and William M. Shane.
BRAMHALL, Vice Chancellor.
The sole question in this case is whether or not certain items of cash are to be distributed by the executor under Item Three, the residuary clause of the will of testatrix.
Testatrix, after making two specific bequests of jewelry and clothing, provided as follows:
"Item Three: I order, direct, authorize and empower my said Executor to sell all of the rest, residue and remainder of my property, real, personal and mixed, at private or public sale, within one year after my death, and for whatever price or prices he deems fit; and I order and direct my said Executor to distribute and pay the proceeds from such sale, less any and all expenses incident and necessary thereto, to my said sisters Elizabeth R. Johnson and Sarah A. Bidden, my beloved brothers Robert J. Fleming and Alfred H. Fleming, my dear nephew William M. Shane, and my dear friend Martin F. Shannon, Jr., in equal shares."
The estate consisted of one piece of real estate in the Town of Bellefonte, Brandywine Hundred, New Castle County, household goods, small cash refunds from social security tax paid and policies of fire insurance, proceeds of life insurance policies, and cash on deposits in the Equitable Security Trust Company, Wilmington Savings Fund Society, and Artisans Savings Bank, all of Wilmington. The real estate was *558 sold by the executor for the net amount of $14,409.10; the household goods, except that part included in the specific bequests, was sold for the net sum of $936.27. The aggregate amount of the cash refunds and cash deposits was $8,669.92. The will contains no residuary clause other than Item Three.
The existence of a will raises such a presumption in favor of the intention of a testator to dispose of her entire estate that in the construction of doubtful language that interpretation is to be adopted if possible which avoids a partial intestacy, unless it clearly appears that the testator intended to die intestate as to part of her property. Small v. Adams, 17 Del. Ch. 316, 154 A. 473. In interpreting a will the intent of the testator is to be gathered from the evident meaning which the words employed were clearly designed to express. Small v. Adams, supra.
It is clear that testatrix in the language used in Item Three of her will intended to dispose of her entire residuary estate. She did not otherwise dispose of the cash refunds and bank deposits. In Item Three testatrix directed her executor "to sell all the rest, residue and remainder of my property, real, personal and mixed, at private or public sale". By the use or this language testatrix undoubtedly had in mind the disposition of her whole estate other than the specific bequests previously made in her will. The fact that the executor did not dispose of the cash refunds and deposits in bank is unimportant. Testatrix directed her executor to dispose of her assets at public or private sale solely for the purpose of enabling the executor to make distribution among the residuary legatees. The executor complied with the instructions of testatrix in disposing of all of the salable assets. He did not sell the other assets because they were already in the form of cash. His failure to do so does not in any way affect or limit the estate included in Item Three of the will. The nonsalable assets constituted a substantial part of her estate. Under the language of Item Three testatrix attempted to dispose of all of her personal property as well as real estate. Cash refunds and bank deposits are personal property. The fact that there was no duty on the part of the executor to dispose of these items, since they were already in the form of cash and capable of distribution is not a matter involving the construction of the will; it is a matter to be determined by the executor himself under the supervision of the court.
The case of Walls v. Walls, 218 Ala. 147, 117 So. 670, 671, is a case in point. In that case testator directed his executor to sell all his personal property at public or private sale and divide the proceeds between his two sons. It developed that in addition to the salable assets there were two cash deposits and notes and accounts owing to testator. In holding that the nonsalable assets were a part of the residuary estate the court said:
"Interpreted narrowly and literally, `the residue,' as written in the will, would be restricted to the proceeds of the executor's sale; but that, we are certain, was not its meaning, for that would contradict the manifest spirit and purpose of the will as a whole. We think he meant the residue of personal property  all of it  after the payments of debts and legacies."
In the case of Young v. Young, 1947, 202 Ga. 694, 44 S.E.2d 659, 666, testatrix directed that "all other property not included in this will" be sold at public sale and that the proceeds thereof be divided among her children. Included in her estate were money on deposit in two banks and a certificate of life insurance. In holding that these items were included in the residuary clause, the court said:
"The money in bank certainly comes within the description, `all other property not included in this will,' and although the testatrix directed that the property intended for the children named in item 13 be put up and sold for the purpose of division, the will cannot reasonably be construed to require the doing of a useless thing, that *559 is, the selling of that which is already payable in money in a fixed sum, but to require only the sale of `all other property not included in this will' which necessarily has to be converted into cash in order to properly disperse the residue of the estate."
I conclude that Item Three of the will of testatrix is a residuary clause and that the bank deposits and cash refunds are part of her residuary estate.
An order will be signed, on notice, in accordance with this opinion.